## GRAHAM v. CITY OF FORT WORTH et al.
### No. 1393.

Court of Civil Appeals of Texas. Eastland.
Oct. 5, 1934.

Rehearing Denied Nov. 2, 1934.

G. M. Felts, of Fort Worth, and A. M. Felts, of Austin, for appellant.

R. E. Rouer, Geo. C. Kemble, J. M. Floyd, and R. B. Young, Jr., all of Fort Worth, for appellees.

FUNDERBURK, Justice.

H. C. Graham, the owner of a house and lot in the city of Fort Worth, used as a residence homestead, and of the assessed value of less than $3,000, brought this suit against the city of Fort Worth and certain of its officers, seeking to cancel as void all assessments for taxes and all tax liens upon said property since the adoption of certain constitutional amendments on November 8, 1932, and August 26, 1933, and to enjoin the defendants from assessing, or attempting to assess said property for taxes for city purposes, and from collecting, or attempting to collect, taxes thereon for city purposes, so long as the same should remain a residence homestead, and of the taxable value of $3,000 or less. A temporary injunction was sought against the defendants to restrain them from attempting to assess said property for taxation, or from collecting, or attempting to collect, taxes thereon for city purposes during the pendency of the suit. The petition for temporary injunction having been presented to Hon. Ben W. Boyd, judge of the Sixteenth judicial district of Texas, sitting in the place of Hon. Walter L. Morris, judge of the Sixty-seventh judicial district court, was, after hearing by him, denied, from which action this appeal was duly perfected, by the plaintiff to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, and from that court duly transferred by the Supreme Court to this court.

The only question presented by this appeal is whether or not the amendment of article 8, § 1-a, of the state Constitution adopted August 26, 1933, providing that $3,000 of the assessed taxable·value of all residence homesteads shall be exempt from all taxation for state purposes (with an exception not here involved), had the effect, in connection with certain provisions of the city charter of Fort Worth, of exempting said property from taxation for city purposes. Said constitutional amendment and charter provisions are as follows:

Constitutional amendment:

Article 8, § 1-a: "Three Thousand Dollars ($3,000.00) of the assessed taxable value of all residence homesteads as now defined by law shall be exempt from all taxation for *all State purposes;* provided that this exemption shall not be applicable to that portion of

the State ad valorem taxes levied for *State purposes* remitted within those counties or other political subdivisions now receiving any remission of *State taxes*, until the expiration of such period of remission, unless before the expiration of such period the board or governing body of any one or more of such counties or political subdivisions shall have certified to the State Comptroller that the need for such remission of taxes has ceased to exist in such county or political subdivision; then this Section shall become applicable to each county or political subdivision as and when it shall become within the provisions hereof." (Italics ours.)

Chapter 25, § 8, charter of the city of Fort Worth:

"All property exempt from taxation by the Constitution and laws of the State of Texas shall be exempt from taxation by the city of Fort Worth."

Chapter 25, § 14, charter of city of Fort Worth:

"The city council shall have the power to levy for general purposes an ad valorem tax on all real, personal and mixed property within the territorial limits of the city of Fort Worth not exempt from taxation by the Constitution and laws of the State of Texas."

▉ Our state Constitution makes general provisions for the taxation of all property in this state for all purposes. Const. art. 8, §§ 1, 10, 11, 13. By way of exception to these general provisions it declares certain exemptions. Article 8, § 1, exempts absolutely and for all purposes $250 worth of household and kitchen furniture belonging to each family. Article 8, § 2, provides that the Legislature may, by general laws, provide for the exemption from taxation of certain other named property, not including the property involved in this suit. This section concludes with the declaration that "all laws exempting property from taxation other than the property above mentioned shall be null and void." Article 8, § 19, exempts "farm products in the hands of the producer, and family supplies for home and farm use, * * * by a two-thirds vote of all the members elect to both houses of the Legislature." Plainly, this exemption is one within the power of the Legislature, exercised in the prescribed way, to abolish by law. It is a conditional exemption, the condition being that the Legislature by the required majority has not provided to the contrary. Article 11, § 9, provides for the exemption from taxation of the following: (a) Property of counties, cities, and towns owned and held for public

purposes, such as public buildings and the sites therefor; (b) fire engines and the furniture thereof and all property used or intended for the purpose of extinguishing fires; (c) public grounds and all property devoted to the use and benefit of the public. Article 8, § 1-a (the amendment in question), provides for the exemption of $3,000 of the assessed value of each residence homestead from taxes for "all State purposes." The restriction of this exemption to taxes for "State purposes" plainly cannot operate as an exemption from taxes for "city purposes," or from any taxes other than for "State purposes." The terms "taxation for * * * State purposes," "taxes levied for State purposes," and "State taxes" employed in said amended section 1-a in reference to the exemption there declared are identified with the term "State taxes" as used in section 9, and "taxes levied for State * * * purposes" in section 10 of the same article. In section 9 the term "State taxes" is therein clearly distinguished from taxes for "city purposes," and taxes for "county purposes." The distinction between state taxes, or taxes for state purposes, and city or county taxes, or taxes for city or county purposes is clearly recognized in City of Aransas Pass v. Keeling, 112 Tex. 339, 247 S. W. 818.

Appellant does not even contend that amended section 1-a of article 8 alone exempts any city property from payment of taxes for city purposes. The contention is that the two sections of the city charter above quoted must be construed to have that effect as the result of the amendment of said section 1-a of article 8. Those charter provisions were in effect before the constitutional amendment was adopted. Clearly, therefore, said charter provisions alone did not, prior to and independently of the constitutional amendment, provide for the exemption in question. The subject-matter of section 8 of chapter 25 of said charter was not an exemption of property from all taxes, but the exemption of property situated in the city of Fort Worth from taxation for *city purposes.* The Constitution, as already said, provides for no exemption of residence homesteads from taxation for city purposes. Therefore, since the subject-matter of the constitutional amendment and that of section 8, chapter 25 of the charter were entirely distinct, the meaning and effect of the latter could not be changed by the amendment.

▉ By said section 14 of the charter, the power is declared, of the city council, to levy, for general purposes, an ad valorem tax on all

real, personal, and mixed property within the territorial limits of the city of Fort Worth, not exempt from taxation by the Constitution and laws of the state of Texas. A residence homestead within the city, whether of the value of $3,000 or more, or less, was not exempt by either the Constitution or laws of the state from taxes for *city purposes*, either before, or after said amendment of section 1-a, art. 8. The city had all the power after the amendment that it had before, to levy and collect taxes for *city purposes* upon the homestead in question. It is, therefore, our conclusion that even if the city of Fort Worth, under its charter, had the power to make the exemption here contended for, it has not by said charter provisions attempted to exercise that power.

■■ But, we are further of the opinion that if the charter had clearly declared the exemption claimed to exist, the provisions so declaring would be void. A city cannot adopt a charter with valid provisions in conflict with the Constitution or general laws of Texas. Const. art. 11, § 5. The Constitution having declared generally that all property shall be subject to taxation, and having declared certain exceptions from said general provisions, not including that of homesteads of $3,-000, or less, in value, in home-rule cities, such exceptions being at the same time prescribed exemptions, constitute a limitation upon the power, not only of the Legislature, but of all cities in the adoption and amendment of their charters, to declare other or different exemptions.

In oral argument it was contended by counsel for appellant that such limitation applied only to the Legislature in providing exemptions by general law, and not to charter provisions of home-rule cities. To this argument two answers suggest themselves. In the first place, if section 2 of article 8, providing that the "Legislature may, by general laws, exempt from taxation" certain named property, should be construed to be not self-executing, as such provisions have sometimes been construed (12 C. J. 236, § 133), and if that constitutional provision were to be wholly disregarded, the other constitutional exemptions set out in the foregoing statement, some of which are clearly self-executing, would require the same conclusion. A charter provision attempting to declare other exemptions would be in conflict with the Constitution.

■ In the second place, if it be granted that the provisions of section 2, above set out,

are not self-executing, the Legislature has obeyed the constitutional mandate, and has declared what property in this state shall be exempt from taxation. R. S. 1925, art. 7150 and subsequent amendments (Vernon's Ann. Civ. St. art. 7150). These exemptions by general law, not including such as here contended for, constitute limitations upon the powers of home-rule cities to declare, by charter, other exemptions just as certainly as if such exemptions were prescribed in the Constitution itself. Any charter provision undertaking to add to or take from said exemptions would be in conflict with a general law of the state.

■ We are further of the opinion that even, if the Legislature had never exercised its prerogative to provide by general laws for the exemptions authorized in article 8, § 2, and if for that reason none of the property mentioned was exempt, still the positive prohibition carried by the words "and all laws exempting property from taxation other than the property above mentioned shall be null and void" is self-executing and effective to render invalid any charter provision which undertakes to declare the exemption, in whole or in part, of other property.

■ It is true that when a judicial inquiry arises as to the power of a municipality, or even the state, to impose a tax, the rule of strict construction is applied against the existence of such power, but when the general power is conceded, or is clearly shown to exist, and the inquiry arises upon a question of exemption from taxation, the rule of strict construction is applied against such exemption. Jones v. Williams, 121 Tex. 94, 45 S.W. (2d) 130, 79 A. L. R. 983; Texas Employers' Ins. Ass'n ,v. City of Dallas (Tex. Civ. App.) 5 S.W.(2d) 614; Trinity Methodist Episcopal Church v. City of San Antonio (Tex. Civ. App.) 201 S. W. 669; Great No. Ry. Co. v. Minnesota, 216 U. S. 206, 30 S. Ct. 344, 54 L. Ed. 446; Henderson Bridge Co. v. City of Henderson, 173 U. S. 592, 19 S. Ct. 553, 43 L. Ed. 823; Cooley on Taxation, art. 672. It seems to us, however, there is no such ambiguity in either the constitutional amendment or the provisions of the city charter as properly to call for application of rules of construction.

Being of the opinion that the court below did not err in refusing the temporary injunction, and that its judgment denying same should be affirmed, it is accordingly so ordered.