**CITY OF WICHITA FALLS v. COOPER.**

No. 14507.

Court of Civil Appeals of Texas.

Fort Worth.

March 26, 1943.

Rehearing Denied April 30, 1943.

Thelbert Martin, T. A. Hicks, C. M. Mc-Farland, H. M. Muse, and Mathis & Caldwell, all of Wichita Falls, for appellant.

McDonald & Anderson, of Wichita Falls, for appellee.

SPEER, Justice.

Plaintiff G. W. Cooper instituted this suit against defendant, the City of Wichita Falls, to have declared void an ordinance passed by the city in 1933, effective January 1, 1934, exempting from all taxes $3,-000 of the assessed taxable values of all residence homesteads situated within the corporate limits of the city; seeking also a permanent injunction against defendant from allowing such exemption and issuing a certificate therefor in the future to the owners of such residence homesteads.

Plaintiff filed and prosecuted the suit in his own name and for the use and benefit of all other residents of the City of Wichita Falls similarly situated. We will treat the action as a class suit. For convenience we shall refer to the parties as they appeared in the trial court, and when plaintiff is mentioned it will relate to all those for whom he purported to act.

Defendant is a Home Rule City of more than 40,000 population. It contains approximately 5,750 residence homesteads of taxable values of $3,000 or less, and since the passage of the ordinance, practically all owners have claimed and been allowed the exemption. The total assessed taxable values of property within the city is now, and has been since the ordinance was passed, approximately $35,000,000, of which sum about $7,000,000 assessed valuation is embraced in the homestead exemptions, leaving about $28,000,000 assessed taxable values to bear the entire tax burden of the municipality.

Plaintiff owned a homestead and a substantial amount of other property within the city limits, subject to taxation. He also owned one of defendant's outstanding bonds.

The ordinance was attacked as being in violation of the Constitution of the State of Texas. Allegations were made that the exempted homesteads comprised approximately one-fifth of the total assessed taxable property values and that when exempted by the ordinance, the remaining property would have to bear the entire tax burden to the detriment of such owners; that for the past several years the city had not levied and collected enough taxes to defray its expenses and accumulate necessary sinking funds to pay its maturing outstanding bonded indebtedness; that to meet its obligations, defendant would be forced to raise the prevailing tax rate on property not so declared to be exempt, or to repeal the exemption ordinance and collect taxes on the homestead properties theretofore declared to be exempt from taxation; that a tax on the homestead properties at the prevailing rate would raise sufficient revenue to meet defendant's said obligations.

Defendant answered with general denial, and specially that plaintiff should be denied the relief sought because, (1) he and those whom he represented were guilty of laches in that they had waited about eight years to complain of the ordinance, (2) that they were estopped to deny the validity of the ordinance, since for said eight years they had recognized its validity and accepted the benefits thereunder, (3) plaintiff did not allege that he would be injured or had suffered damages because of the provisions of the ordinance, and (4) that the ordinance was valid and binding on all tax payers within the corporate limits and not in violation of the State Constitution.

Because of the disqualification of the presiding judge of the 30th Judicial District, Hon. Walter L. Morris, Judge of the 67th District Court, was assigned to hear this cause. Trial was had to the court without a jury. By recitations in the judgment, the court found facts to support his

conclusions that plaintiff and those represented by him were estopped to challenge the validity of the ordinance of exemption insofar as it affected exemptions and taxation for all years since its adoption up to and including the whole of the year 1942. The judgment effectively declares the exemption ordinance void and of no effect insofar as it will or may affect such exemptions and taxation in said city on and after January 1, 1943. Defendant excepted to the judgment and perfected its appeal.

■ It can no longer be seriously questioned that class suits, such as this, are recognized in this state, under our blended system of law and equity. Hovey et al. v. Shepherd, 105 Tex. 237, 147 S.W. 224; City of Dallas v. Armour & Co., Tex.Civ.App. 216 S.W. 222, writ refused; Southern Ornamental Iron Works v. Morrow, Tex.Civ. App., 101 S.W.2d 336, writ refused.

■ First two points relied upon by defendant for reversal are: (1) Error of the court in finding against its theory of laches, and (2) ruling against it on its plea of estoppel. There was no error in either holding. Without going into an extended discussion of the elements necessarily involved in laches and estoppel, we see neither in this record. It will suffice to say that the judgment precluded a possible readjustment of taxes and values for that purpose, that had occurred during the years 1934 to 1942, both inclusive. This ordinance, the annual assessment and taxation, constitute a recrudescence which must be met each and every succeeding year, and each such incident is independent of all those that had gone before. None of the former acts of either party foreclosed those to follow but must be observed or repudiated each time the condition arises, and this suit involves that identical situation.

■ We overrule the third point, which asserts in effect that plaintiff and those whom he purported to represent have failed to show that they had or would suffer any irreparable injury by the enforcement of the exemption ordinance. While it is undeniably true that plaintiff had received the benefit, if it could be called such, of the exemption from taxation of his homestead up to a $3,000 taxable valuation for several years, yet since he owned and paid taxes on a substantial amount of property over and above that exempted under the ordinance, and since sufficient taxes must be levied and collected from that part not exempt to defray the governmental expense and since approximately twenty per cent of the entire taxable values of all property was made exempt from taxation by the ordinance, it is obvious that the twenty per cent of taxes lost to the city by virtue of the exemptions must be added to and obtained from taxes on the remainder. The amount to meet such a deficiency will be governed by the amount of taxable property a tax payer owns over and above the homestead exemption. By such calculation it is easy to see how plaintiff and those similarly situated would sustain material losses in the future by a continued enforcement of the exemption of twenty per cent of property values from taxation.

Authorities cited by defendant claimed to support its theory of estoppel, in the main, pertain to a situation such as if it had acted on the ordinance and exempted the residence homestead properties for these eight years, and then conclude that the ordinance was void and later attempt to levy and collect the back-tax during the period covered. They are easily distinguished from conditions before us. In Young v. City of Colorado, Tex.Civ.App., 174 S.W. 986, writ refused, over a period of several years the City undertook organizations under various statutes; during the second period it issued bonds; that corporation was subsequently held to be void because the previous one had not been dissolved. Harness v. State, 76 Tex. 566, 13 S.W. 535. Subsequently a new City Charter was procured after a proper dissolution of the one procured in 1882, and it was held that the new corporation having availed itself of the provisions of having the old corporation dissolved and reincorporating the same territory into the new was in no position to invoke the invalidity of the original statutes there referred to.

In Burgess v. American Rio Grande Land & Irrigation Co., Tex.Civ.App., 295 S.W. 649, relied upon, but erroneously cited by defendant, it was held that the irrigation company would be estopped to deny the validity of the Legislative Act which created and gave power to the State Board of Water Engineers to fix rates for the use of water in irrigation projects, when it had recognized such right for five years. There are other cases cited, but they, like the two pointed out, are not applicable here.

A novel and most unusual question is raised by points 4, 5 and 6. They assert error of the trial court in holding that the ordinance of the defendant exempting $3,000 taxable valuations of residence homesteads within the corporate limits of the City is void, as in conflict with the Constitution of this State. As we view the record, this is the controlling question for determination here. It seems that the question has not been before the appellate courts of this state, except in an indirect way, as we shall later observe.

Defendant's charter was granted to it as a Home Rule City under our State Constitution, Article 11, Sect. 5, Vernon's Ann.St. That Section provides, among other things, that cities having a population of over 5,000 inhabitants may, in the manner there prescribed, adopt or amend their charters, "and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State * * *."

Constitution Art. 8, Sect. 1, provides that all taxes shall be equal and uniform against all natural and artificial persons, other than municipal corporations. There is in the above section the self enacting provision which exempts from all taxes household and kitchen furniture to the value of $250 belonging to each family. By Article 8, Sect. 2, of the Constitution, there is a provision that the Legislature may, by general law, exempt certain other property from taxation, but the class there referred to is not involved here.

In 1933, the Constitution was amended by adding Section 1-a to Art. 8, which reads in part as follows: "Three Thousand Dollars ($3,000.00) of the assessed taxable value of all residence homesteads as now defined by law shall be exempt from all taxation *for all State purposes,* * * *." (Emphasis ours).

In 1933, defendant City of Wichita Falls passed and adopted an ordinance under the chapter on finance and taxation which reads: "Section 1,—1201: (1269) That $3000.00 of the assessed taxable value of all residence homesteads as now defined by law, located and situated within the corporate limits of the City of Wichita Falls, Texas, shall be from and after the 1st day of January, A.D.1934, exempted from all taxation for city purposes." The ordinance

further provides that the exemption should not be allowed unless and until the owner renders said homestead along with all other property owned by the tax payer, and makes claim for said exemption, and that no certificate of exemption should issue until the tax payer has paid all other taxes due by him as against property not so exempted.

█ It is clear to us that it was intended by the framers of our Constitution that all property should be subject to taxation, upon an equal and uniform basis for the purpose of defraying the governmental expense, with the exception only of such property as that document specifically exempts therefrom and such as the Legislature shall, under Constitutional restrictions, by explicit language, declare to be exempt.

█ It is the universal rule in this state that the Constitution has definitely provided for every form of exemption of property from taxation; that if an exemption is so made it cannot be enlarged upon either by the Legislature or by the courts. Some courts have gone far enough to say that if there is a reasonable doubt as to the meaning of the Constitution in matters of exemptions, the doubt will be resolved against the exemption, for exemptions from taxation are not favored by the Constitution nor by the Courts in their construction. City of Dallas v. Cochran, Tex.Civ. App., 166 S.W. 32, writ refused; Jones v. Williams, 121 Tex. 94, 45 S.W.2d 130, 79 A.L.R. 983.

With these settled rules in mind, we look to the language of the several provisions of the Constitution to see what property has been definitely exempted from taxation, and what part may be made exempt by Acts of the Legislature. Those in which exemptions are optional with the Legislature may be found: (1) In Art. 8, Sect. 19, which, in effect, provides that farm products in the hands of the producer and supplies on hand for home consumption are exempt, "until otherwise directed by a two-thirds vote of all the members elect to both houses of the Legislature"; (2) Art. 8, Sect. 2, in effect provides that the Legislature may, by general laws, exempt from taxation public property used for public purposes; places of religious worship, schools and the like. That Section of the Constitution concludes with this language: "And all laws exempting property from

taxation other than the property above mentioned shall be null and void."

There are certain specific exemptions made so by the very language of the Constitution, which language is self enacting. They are found, (1) in Art. 8, Sect. 1, where household and kitchen furniture to the value of $250.00 is fully exempted; (2) Art. 8, Sect. 1-a (as amended in 1933) is likewise specific and self enacting to the extent therein stated. There, $3,000 of assessed taxable value of the residence homestead is exempt "from all taxation for all State purposes".

It is by virtue of the last Constitutional provision that defendant claims the right to adopt and enforce the ordinance involved in this case. It is argued by defendant that its charter duty required it to levy taxes against only property within its limits "made taxable" by law, and that since Art. 8, Sect. 1-a, supra, exempted $3,000 assessed taxable values of residence homesteads, that portion of the property was not "made taxable" by law but was exempt. Hence it had the right to adopt and enforce the ordinance in question.

It is a matter of common knowledge that there are many taxing bodies and units in this State; they include the State, counties, municipal corporations, including cities and towns, water and irrigation districts, school districts and others.

The Constitutional provision relating to exemptions of homesteads from taxation (Art. 8, Sect. 1-a) is clearly limited to taxes for *State purposes*. That is only one of the many taxes, or in other words, taxes for one of the many purposes to which all property including homesteads is subject. There can be no enlargement of that exemption so as to make it exempt from taxation for any purpose not expressly stated in the Constitution.

Apparently defendant recognizes its duty to tax all property (not exempt) within its limits upon an equal and uniform basis for the purposes of raising revenue to meet its operating expenses, to pay interest on its obligations and to create a sinking fund to meet its bonded indebtedness at maturity. It therefore follows that defendant must levy and collect taxes against residence homesteads within its corporate limits for these purposes. The homestead is made taxable by law for all purposes except for State purposes.

It is obvious that there is a very definite distinction between the various purposes for which taxes may be levied and collected. In many respects, taxes are levied and collected for definite purposes and such funds may seldom be used for any other purpose than that for which it was levied and collected. This distinction is drawn in the case of City of Aransas Pass v. Keeling, 112 Tex. 339, 247 S.W. 818.

As before stated, the precise question before us has not been before any of our appellate courts, but we believe the principles announced in Graham v. City of Fort Worth, Tex.Civ.App. 75 S.W.2d 930, writ refused, are analogous to and applicable here. In that case a homestead owner in Forth Worth sought to enjoin the city from taxing his homestead for city purposes, after the amendment to the Constitution in 1933, above pointed out. Fort Worth had not passed an ordinance, as had defendant in the instant case, exempting the homestead to the value named in the Constitution. The effect of the holding in the Graham case, as we understand it, is that notwithstanding the Constitutional provision, the city still had the right to tax the homestead for city purposes, and we may add, that not only did it have the right to do so, but under the general provisions of the Constitution, it was obligated to do so upon an equal and uniform basis, with all other property. We therefore conclude that the homestead is made taxable for all purposes other than State purposes and that taxing units like defendant have no authority to exempt it from taxation for any purpose other than that expressly named in the Constitutional provision.

From what has been said, we hold that the trial court was correct in holding the ordinance of defendant void and of no effect. It was also proper for the court to issue its permanent injunction against defendant restraining it from thereafter exempting homestead property within its limits to the assessed taxable value of $3,000 from taxation and issuing its exemption certificates therefor. Finding no error in the judgment, it will be affirmed. This is our order.