

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 4, 1973

The Honorable Curtis L. Owen
Criminal District Attorney
403 Smith County Courthouse
Tyler, Texas 75701

Opinion No. H- 36

Re: Tax Exemption - Farm to
Market and Lateral Road Tax

Dear Mr. Owen:

Your letter requesting our opinion states that in 1951 the voters of
Smith County approved the Farm to Market and Lateral Road Tax in
accordance with Article 7048a, Section 2, Vernon's Texas Civil Statutes
and, in accordance with Section 1-a of the Texas Constitution, an exemp-
tion of $3,000 has been allowed for residential homesteads.

In November, 1972, Section 1-b of Article 8 of the Texas Constitu-
tion was amended to add a subparagraph b authorizing counties, among
others, to exempt "not less than three thousand dollars ($3,000) of the
assessed value of residential homesteads of persons sixty-five (65) years
of age or older from all ad valorem taxes thereafter levied by the" county.

You have asked whether the exemption allowed under Section 1-b(b)
of Article 8 also applies to the Farm to Market and Lateral Road Tax so
that some individuals would have two $3,000 exemptions from the one tax.

Prior to the 1972 amendment to Section 1-b of Article 8, there was
no provision by which any political subdivision of the State other than a
county could grant an exemption for residence homesteads. Efforts to do
so were held invalid. Graham v. City of Fort Worth, 75 S.W.2d 930
(Tex. Civ. App., Eastland, 1934, err. ref.); City of Wichita Falls v. Cooper,
170 S.W.2d 777 (Tex. Civ. App., Fort Worth, 1943, err. ref.). Prior to
1972 counties were only authorized to grant exemption for residence home-
stead in the event they levied an ad valorem tax to be used for the construc-
tion and maintenance of farm to market roads or for flood control. Section
1-a, Article 8, Constitution of Texas.

Section 1-b(a) of Article 8 exempted $3,000 of the assessed taxable value of residence homesteads from State taxes.

Section 1 of Article 8 of the Constitution of Texas requires that taxation be equal and uniform. For this reason the courts hold that tax exemptions are to be strictly construed since they are the very antithesis of equality and uniformity. Hilltop Village, Inc. v. Kerrville Independent School District, 426 S. W. 2d 943 (Tex. 1968). The exempt status will not be extended to property unless the controlling law clearly shows that that was intended. City of Houston v. South Park Baptist Church, 393 S. W. 2d 354 (Tex. Civ. App., Houston, 1965, err. ref.).

> "Exemptions from taxation are never favored, and in the construction or interpretation of a law extending exemption from taxation to any citizen or class of property all doubts are resolved against the exemption . . . "
> Santa Rosa Infirmary v. City of San Antonio, 259 S. W. 926 (Tex. Com. App. 1924) quoted with approval in City of Long-view v. Markham-McRee Memorial Hospital, 152 S. W. 2d 1112 (Tex. 1941) and see Kirby Lumber Corp. v. Hardin Independent School District, 351 S. W. 2d 310 (Tex. Civ. App., Waco, 1961, err. ref., n. r. e. ).

The constitutional provisions in question may be read that county taxes for the construction of farm to market roads or flood control are subject to two exemptions in the amount of $3,000, one under Section 1-a of Article 8 and the other under Section 1-b(b) of Article 8 where the taxpayer is over 65 years of age or that is subject to only one of these.

Section 1-b(b) does not clearly allow a double exemption and we must resolve any doubts in favor of no exception. City of Houston v. South Park Baptist Church, supra. It is our opinion therefore, that no more than one exemption per residence homestead is available to any one piece of property for the purposes of fixing assessed tax value, and that where an exemption is available under Section 1-a of Article 8 of the Constitution, another exemption may not be tacked to it for the purpose of that tax. See Attorney General Opinion H-9 (1973).

## SUMMARY

Where property is subject to ad valorem taxes levied by a county for farm to market road and flood control purposes, it is entitled to a $3,000 residence homestead exemption under that constitutional provision but is not entitled to a second residence homestead exemption under Section 1-b(b) of Article 8 for that tax.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee