

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 13, 1973

Honorable Tim Curry
Criminal District Attorney
Tarrant County
Fort Worth, Texas 76102

Opinion No. H- 31

Re: Whether Hospital District
may assume duties and
functions of city and county
health departments and
related questions concerning
taxation and funding.

Dear Mr. Curry:

The Tarrant County Hospital District was created by authority of § 4 of Article 9 of the Texas Constitution and Article 4494n, Vernon's Texas Civil Statutes. By virtue of the authority contained in Article 3, § 64 of the Texas Constitution and Article 4413 (32c), (Vernon's Texas Civil Statutes), the Interlocal Cooperation Act, Tarrant County has contracted to pay the City of Fort Worth $5,000.00 annually to compensate the City for authorizing the City Health Officer to assume all duties and responsibilities of the County Health Officer.

Among the services performed by the health departments of Fort Worth and Tarrant County are restaurant, meat, milk, sewage, water and other "regulatory" inspections. "Non-regulatory" services performed include the operation and maintenance of a venereal disease clinic, vaccinations for communicable diseases, etc. Officials of the City and the County are considering the possibility that the Hospital District may assume the health duties and services, thus prompting your questions, the first of which is:

"Is Article 4494n, Vernon's Ann. Civ. St. sufficiently broad to authorize the Tarrant County Hospital District to absorb the regulatory and non-regulatory health services currently being executed and enforced by the health departments of Fort Worth and Tarrant County?"

Your question cannot be given a categoric answer. Section 4 of Article 9 of the Constitution of Texas provides that the Legislature

may authorize the creation of county-wide hospital districts in counties having a population in excess of 190, 000 and in Galveston County with power to issue bonds for the establishment of "hospitals or hospital facilities". Such a district must be authorized by an election and it must assume full responsibility for "providing medical and hospital care to needy inhabitants of the County".

The enabling law enacted pursuant to this constitutional provision is Article 4494n, Vernon's Texas Civil Statutes. It too calls for creation of a hospital district to provide "for the establishment of a hospital or hospital system to furnish medical aid and hospital care to the indigent and needy persons residing in said hospital district".

Neither the Constitution nor Article 4494n defines what is a hospital or what constitutes providing "medical aid", "medical care" or "hospital care".

The Texas Hospital Licensing Law (Article 4437f, Vernon's Texas Civil Statutes) defines a general hospital as one offering services and facilities requiring "diagnosis, treatment or care for illness, injury, deformity, abnormality, or pregnancy" and maintaining various types of facilities. A special hospital is defined as one offering services, facilities, and beds for individuals who require services more intensive than room, board, personal services and general nursing care and which also has certain laboratory facilities, etc.

It is our opinion that the Tarrant County Hospital District is limited to the furnishing of hospital services and the maintenance of hospital facilities and that, even if it could be so construed, Article 4494n cannot confer any greater authorization than that contained in the provisions of § 4 of Article 9 of the Constitution. City of Wichita Falls v. Cooper, 170 S. W. 2d 777 (Tex. Civ. App. , 1943, err. ref. ); Dickison v. Woodmen of the World Life Insurance Society, 280 S. W. 2d 315 (Tex. Civ. App. , 1955, err. ref. ); 12 Tex. Jur. 2d, Constitutional Law, § 13, pp. 361-362.

The regulatory services which you describe in your letter, including restaurant, meat, milk, sewage and water inspections, would not appear to fall within any definition of hospital care or facilities and, in our opinion, are services which legitimately could not be performed by a hospital district organized under the provisions of § 4 of Article 9 of the Constitution and Article 4494n of the Civil Statutes.

The non-regulatory services which you specify, i. e., operation and maintenance of venereal disease clinic, vaccinations for communicable diseases, etc., may well be functions falling within the meaning of "hospital care" and might properly be performed by the hospital.

Certainly § 64 of Article 3 of the Constitution would authorize the Hospital District to contract with the county government or other political subdivisions for the performance of governmental functions which the Hospital District would otherwise be authorized by the Constitution to perform. Article 4413(32c), the Interlocal Cooperation Act and the enabling act adopted under § 64 of Article 3 of the Constitution, specifically includes "public health and welfare" in the definition of "governmental functions and services".

However, § 64 of Article 3 is a general authorization while § 4 of Article 9 is a specific authorization of the creation of hospital districts. To the extent there is any conflict between the provisions, the special provision will prevail. 12 Tex. Jur. 2d, Constitutional Law, § 28, pp. 372-373 and cases cited.

Our answer to your first question asking whether Article 4494n is sufficiently broad to authorize the District to absorb both regulatory and non-regulatory health services currently being executed and enforced by the health departments of Fort Worth and Tarrant County, is "No", although it is broad enough to authorize absorption of those which are hospital functions, as indicated above.

Your second question is whether the revenues of the Hospital District from taxes levied pursuant to Article 4494n may be spent by the District in rendering regulatory and non-regulatory health services. It is our opinion the taxes levied pursuant to Article 4494n must be limited in their expenditure to purposes within the scope of that Article and § 4 of Article 9, i. e., providing of hospitals and hospital facilities, medical or hospital care, etc., and to the extent, that any of the regulatory or non-regulatory health services do not fit within that definition, the taxes may not be used to provide them. See, for instance, Baylor County Hospital District v. Crosby, 327 S. W. 2d 445 (Tex. 1959).

Your third question asks whether revenues of the District from non-tax sources might be spent in the execution of regulatory and non-regulatory health services. In view of our answer to your first question, that we do not believe the District to be authorized to engage in activities other than those specified in the Constitution, our answer to question three is "No".

Your fourth question asks whether Tarrant County and the City of Fort Worth (and other cities or political subdivisions) could spend taxes from their general funds to contract with the District under § 64 of Article 3 of the Constitution and Article 4413(32c) of the statutes to pay contractual sums to the Hospital District in exchange for its assumption of various health services.

Again, in view of our answer to the first question, limiting as it does the scope of functions which can properly be performed by the Hospital District, our answer to the fourth question must be similarly limited. Furthermore, § 4 of Article 9 of the Constitution specifically provides that a hospital district created thereunder "shall assume full responsibility for providing medical and hospital care to needy inhabitants of the county, and thereafter such counties and cities shall not levy any other tax for hospital purposes . . .". (Emphasis added). This, in our opinion, precludes the expenditure of any other tax revenues for purposes falling within the allowable scope of functions to be performed by a hospital district.

## SUMMARY

A hospital district organized under the authority of § 4 of Article 9 of the Constitution may engage only in those activities specifically authorized by the Constitution and may not, by contract or otherwise, assume to render services which are not among those ordinarily rendered by a hospital such as the regulatory inspection of restaurants, meat, milk, sewage, and water.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 133

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee