

# THE ATTORNEY GENERAL
## OF TEXAS

October 26, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable James A. Adkins
Commissioner
Texas Department of Mental Health
   and Mental Retardation
P. O. Box 12668
Austin, Texas  78711-2668

Opinion No.  JM-972

Re: Whether a state official or employee traveling at state expense on official state business is exempt from the hotel occupancy tax imposed by chapter 156 of the Tax Code  (RQ-1470)

Dear Mr. Adkins:

You ask whether a state official or employee traveling at state expense on official business for a state agency is exempt from the hotel occupancy taxes provided for in chapters 156, 351 and 352 of the Tax Code.

Chapter 156 of the Tax Code imposes a state tax

> on a person who, under a lease, concession, permit, right of access, license, contract, or agreement, pays for the use or possession or for the right to the use or possession of a room or space in a hotel costing $2 or more each day.

Tax Code § 156.051. Additionally, chapters 351 and 352 of the Tax Code in similar language authorize a municipality and the commissioners courts of certain counties, respectively, to impose hotel occupancy taxes.

This office was asked this question with respect to the chapter 156 state hotel occupancy tax six years ago. In Attorney General Opinion MW-528 (1982), this office ruled that "no such exemption exists" from the chapter 156 state hotel occupancy tax. On May 16, 1988, however, this office issued Letter Opinion No. LO-88-58, withdrawing MW-528 for further study and consideration. Having carefully considered the question, we now reaffirm the conclusion of MW-528 that state officials or employees traveling at state expense on official business for a state agency are not exempt from

the state hotel occupancy tax  under chapter 156 of the  Tax Code.  We also conclude that  there is no such exemption  to the local hotel occupancy taxes provided for in chapters 351 and 352 of the Tax Code.

Attorney General Opinion MW-528 based its conclusion in part on the  ruling  in Attorney  General  Opinion  WW-738 (1959), that officers and  employees of the Federal  Reserve Bank traveling on official business are not exempt from  the state hotel  occupancy tax.  The  situation  addressed  in WW-738 may not have been the best analogy in support of  the result of MW-528, involving as  it did possible issues  with respect  to  taxation  of  federal  instrumentalities  not relevant to the question in MW-528.  See, e.g., McCulloch v. State of Maryland, 17 U.S. (4 Wheat.) 316 (1819).[1]  We  find ample support elsewhere, however, for the conclusion reached in MW-528.

We would note at the outset, the well settled rule that claims  for  tax  exemptions  are  strictly  and  narrowly construed.  See, e.g., Davies v. Meyer, 541 S.W.2d 827 (Tex. 1976).  Also,  we  note  that  the  express  exemptions  in chapters 156, 351 and  352 for persons  using a room  thirty days or more, and in  chapter 156 for religious,  charitable or educational organizations, indicate, under the  expressio unius rule of  statutory construction,  that any  exemptions not expressly provided  for are  to be  deemed as  expressly excluded by the legislature from the statutory scheme.  See Tax Code §§ 156.101, 156.102, 351.002(c), 352.002(c).

In Attorney General Opinion JM-865 (1988), we concluded that counties and home rule cities were without authority to grant hotel occupancy tax  exemptions to certain  religious, charitable, and  educational  organizations.  That  opinion quoted the court  in City  of Wichita Falls  v. Cooper,  170 S.W.2d 777 (Tex. Civ. App.  - Fort Worth 1943, writ  ref'd), which held that  cities could not  by ordinance provide  for tax exemptions  on  homesteads beyond  those  authorized  by state law or constitutional provision.

> It is clear to us that it was intended  by
> the framers  of  our  Constitution  that  all
> property should be subject to taxation,  upon

---

1.  We do not mean here to reconsider Attorney  General Opinion WW-738.  But  see Attorney  General  Opinion  H-380 (1974)  (Motor  Vehicle  Retail  Sales  and  Use  Tax  not applicable to federal employee  renting vehicle on  official business).

an equal and uniform basis for the purpose of defraying the governmental expense, <u>with the exception only of such property as that document specifically exempts therefrom and such as the Legislature shall, under Constitutional restrictions, by explicit language, declare to be exempt</u>. (Emphasis as added in Attorney General Opinion JM-865 (1988), at 3.)

<u>Cooper</u>, 170 S.W.2d 777, 780.

Though JM-865 did not deal with <u>property</u> taxation exemptions as did the <u>Cooper</u> case, it reached its conclusion based on the general rule enunciated there that, under Texas law, tax exemptions exist only if specifically provided for in the constitution or by statute. We follow here the rule followed in JM-865. We find no specific provision in chapters 156, 351, 352, or elsewhere in state law or in the constitution to the effect that state officials or employees traveling on state business are exempt from the hotel occupancy taxes provided for in those chapters. Hence, we conclude, as did Attorney General Opinion MW-528, that no such exemption exists.

### S U M M A R Y

State officials or employees traveling at state expense on state business are not exempt from the hotel occupancy tax provided for in chapters 156, 351 and 352 of the Tax Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General