

# THE ATTORNEY GENERAL
## OF TEXAS

March 1, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Ralph R. Wallace, III
Committee on Cultural and
   Historical Resources
House of Representatives
P. O. Box 2910
Austin, Texas  78769

Opinion No. JM- 865

Re: Authority of a county or city to grant exemptions from the hotel/ motel occupancy tax to certain religious, charitable and educational organizations (RQ-1294)

Dear Representative Wallace:

    Chapter 156 of the Tax Code imposes a hotel occupancy tax, levied by the state, "on a person who, under a lease, concession, permit, right of access, license, contract, or agreement, pays for the use or possession or for the right to the use or possession of a room or space in a hotel costing $2 or more each day." Tax Code, §156.051(a). Section 156.102 of the Tax Code provides for an "exception" from the tax for a non-profit corporation or association "organized and operated exclusively for a religious, charitable, or educational purpose." Chapter 352 of the Tax Code (previously codified as article 2372d-8, V.T.C.S.) permits certain specified counties likewise to impose by order or resolution of the commissioners court a county hotel occupancy tax. Chapter 351 of the Tax Code (previously codified as article 1269j-4.1, V.T.C.S.) likewise permits a municipality to impose by ordinance a municipal hotel occupancy tax. Neither chapter 351 nor chapter 352 mentions any "exception" to the tax for non-profit corporations or associations "organized and operated exclusively for a religious, charitable, or educational purpose." You ask:

> Do counties and home rule cities under [chapter 352 of the Tax Code] and [chapter 351 of the Tax Code] have the authority to grant exemptions from the hotel/motel occupancy tax to entities such as religious, charitable and educational organizations, other than the 30-day exemption in the

[a]ct, without specific language in the law granting such authority?

The "30-day exemption" to which you refer is found in sections 156.102, 351.002(c), and 352.002(c) of the Tax Code, which "excepts" from the reach of the state tax, the municipal tax, and the county tax, respectively, a person who has the right to use or possess a room in a hotel for at least 30 consecutive days. We do not understand you to ask whether the aforementioned 30-day tax "exceptions" are constitutional; accordingly, we will not address that issue. We understand you to ask only whether a county or a home-rule city may grant "exceptions" for religious, charitable, or educational associations absent statutory authority. We answer your question in the negative; counties and home rule cities may not grant such "exceptions" without specific statutory authority.

Article VIII, section 1, of the Texas Constitution now designates three types of taxes that the legislature may levy: property taxes, occupation taxes, and income taxes. Additionally, article VIII, section 17, of the Texas Constitution provides:

> The specification of the objects and subjects of taxation shall not deprive the Legislature of the power to require other subjects or objects to be taxed <u>in such manner as may be consistent with the principles of taxation fixed in this Constitution</u>. (Emphasis added.)

In <u>American Transfer & Storage Co. v. Bullock</u>, 525 S.W.2d 918 (Tex. Civ. App. - Austin 1975, writ ref'd), a taxpayer challenged the constitutionality of the Limited Sales, Excise and Use Tax Act on the ground that such taxes are not specified in article VIII, section 1. The court held that, although the types of taxes imposed by the Limited Sales, Excise and Use Tax Act (now codified as Tax Code §§151.001 <u>et seq.</u>) are not enumerated in article VIII, section 1, the act was not invalid by reason of such omission, because article VIII, section 17, specifically provides that the specification of the subjects and objects of taxation set forth in article VIII, section 1, did not deprive the legislature of the power to require other subjects or objects to be taxed in such manner as may be consistent with the principles of taxation fixed in the constitution. <u>See also</u> <u>Guinn v. State</u>, 551 S.W.2d 783 (Tex. Civ. App. - Austin 1977, writ ref'd n.r.e.) (upholding method of requiring employer taxes imposed by article

5221b-5, V.T.C.S., which provides for a system of unemployment compensation for certain specified unemployed workers). It is pursuant, then, to article VIII, section 17, that chapters 156, 351, and 352 of the Tax Code (and their respective predecessor statutes) were enacted.

Among the principles of taxation fixed in the constitution in accordance with which such unspecified objects or subjects of taxation may be taxed are: that all property must be taxed and that taxation must be equal and uniform, Tex. Const. art. VIII, §1 and that "the legislature may, by general laws, exempt from taxation" a specified list of properties, Tex. Const. art. VIII, §2(a). Section 2(a) also provides that "all laws exempting property from taxation mentioned in this section shall be null and void."

In _City of Wichita Falls v. Cooper_, 170 S.W.2d 777 (Tex. Civ. App. - Ft. Worth 1943, writ ref'd), the court overturned a city ordinance that purported to exempt from city and county taxes $3,000 of the assessed taxable value of residence homesteads. At that time, article VIII, section 1-b, of the Texas Constitution exempted $3,000 of the assessed taxable value of residence homesteads for state ad valorem taxes only; the amendment to article VIII, section 1-b, that authorized counties, cities, school districts, and all other political subdivisions to grant also a $3,000 residence homestead exemption was enacted in 1972 and took effect January 1, 1973. The court declared the following:

> It is clear to us that it was intended by the framers of our Constitution that all property should be subject to taxation, upon an equal and uniform basis for the purpose of defraying the governmental expense, _with the exception only of such property as that document specifically exempts therefrom and such as the Legislature shall, under Constitutional restrictions, by explicit language, declare to be exempt_.

> It is the universal rule in this state that the Constitution has definitely provided for every form of exemption of property from taxation; that if an exemption is so made it cannot be enlarged upon either by the Legislature or by the courts.

> . . . .

It is a matter of common knowledge that there are many taxing bodies and units in this State; they include the State, counties, municipal corporations, including cities and towns, water irrigation districts, school districts and others.

The Constitutional provision relating to exemptions of homesteads from taxation (Art. 8, Sect. 1-a) is clearly limited to taxes for State purposes. That is only one of the many taxes, or in other words, taxes for one of the many purposes to which all property including homesteads is subject. There can be no enlargement of that exemption so as to make it exempt from taxation for any purpose not expressly stated in the Constitution.

Apparently defendant recognizes its duty to tax all property (not exempt) within its limits upon an equal and uniform basis for the purposes of raising revenue to meet its operating expenses, to pay interest on its obligations and to create a sinking fund to meet its bonded indebtedness at maturity. It therefore follows that defendant must levy and collect taxes against residence homesteads within its corporate limits for these purposes. The homestead is made taxable by law for all purposes except for State purposes. (Emphasis added.)

170 S.W.2d 777 at 780-81. See also Graham v. City of Forth Worth, 75 S.W.2d 930 (Tex. Civ. App. - Eastland 1934, writ ref'd).

Analogously, we conclude that a home rule city or a county lacks the authority to grant an "exception" from the hotel occupancy tax, absent constitutional and statutory authority to do so.

## S U M M A R Y

Neither a county nor a home rule city possesses the authority to grant an "exception" for religious, charitable, or educational purposes from the hotel occupancy tax absent constitutional and statutory authority to do so.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General