Honorable James A. Adkins Commissioner Texas Department of Mental Health and Mental Retardation P.O. Box 12668 Austin, Texas 78711-2668
Re: Whether a state official or employee traveling at state expense on official state business is exempt from the hotel occupancy tax imposed by chapter 156 of the Tax Code (RQ-1470)
Dear Mr. Adkins:
You ask whether a state official or employee traveling at state expense on official business for a state agency is exempt from the hotel occupancy taxes provided for in chapters 156, 351 and 352 of the Tax Code.
Chapter 156 of the Tax Code imposes a state tax
 on a person who, under a lease, concession, permit, right of access, license, contract, or agreement, pays for the use or possession or for the right to the use or possession of a room or space in a hotel costing $2 or more each day.
Tax Code § 156.051. Additionally, chapters 351 and 352 of the Tax Code in similar language authorize a municipality and the commissioners courts of certain counties, respectively, to impose hotel occupancy taxes.
This office was asked this question with respect to the chapter 156 state hotel occupancy tax six years ago. In Attorney General Opinion MW-528 (1982), this office ruled that "no such exemption exists" from the chapter 156 state hotel occupancy tax. On May 16, 1988, however, this office issued Letter Opinion No. LO-88-58, withdrawing MW-528 for further study and consideration. Having carefully considered the question, we now reaffirm the conclusion of MW-528 that state officials or employees traveling at state expense on official business for a state agency are not exempt from the state hotel occupancy tax under chapter 156 of the Tax Code. We also conclude that there is no such exemption to the local hotel occupancy taxes provided for in chapters 351 and 352 of the Tax Code.
Attorney General Opinion MW-528 based its conclusion in part on the ruling in Attorney General Opinion WW-738 (1959), that officers and employees of the Federal Reserve Bank traveling on official business are not exempt from the state hotel occupancy tax. The situation addressed in WW-738 may not have been the best analogy in support of the result of MW-528, involving as it did possible issues with respect to taxation of federal instrumentalities not relevant to the question in MW-528. See, e.g., McCulloch v. State of Maryland, 17 U.S. (4 Wheat.) 316 (1819).[1] We find ample support elsewhere, however, for the conclusion reached in MW-528.
We would note at the outset, the well settled rule that claims for tax exemptions are strictly and narrowly construed. See, e.g., Davies v. Meyer, 541 S.W.2d 827 (Tex. 1976). Also, we note that the express exemptions in chapters 156, 351 and 352 for persons using a room thirty days or more, and in chapter 156 for religious, charitable or educational organizations, indicate, under the expressio unius rule of statutory construction, that any exemptions not expressly provided for are to be deemed as expressly excluded by the legislature from the statutory scheme. See Tax Code §§ 156.101, 156.102, 351.002(c), 352.002(c).
In Attorney General Opinion JM-865 (1988), we concluded that counties and home rule cities were without authority to grant hotel occupancy tax exemptions to certain religious, charitable, and educational organizations. That opinion quoted the court in City of Wichita Falls v. Cooper, 170 S.W.2d 777
(Tex.Civ.App.-Fort Worth 1943, writ ref'd), which held that cities could not by ordinance provide for tax exemptions on homesteads beyond those authorized by state law or constitutional provision.
 It is clear to us that it was intended by the framers of our Constitution that all property should be subject to taxation, upon an equal and uniform basis for the purpose of defraying the governmental expense, with the exception only of such property as that document specifically exempts therefrom and such as the Legislature shall, under Constitutional restrictions, by explicit language, declare to be exempt. (Emphasis as added in Attorney General Opinion JM-865 (1988), at 3.)
Cooper, 170 S.W.2d 777, 780.
Though JM-865 did not deal with property taxation exemptions as did the Cooper case, it reached its conclusion based on the general rule enunciated there that, under Texas law, tax exemptions exist only if specifically provided for in the constitution or by statute. We follow here the rule followed inJM-865. We find no specific provision in chapters 156, 351, 352, or elsewhere in state law or in the constitution to the effect that state officials or employees traveling on state business are exempt from the hotel occupancy taxes provided for in those chapters. Hence, we conclude, as did Attorney General OpinionMW-528, that no such exemption exists.
 SUMMARY
State officials or employees traveling at state expense on state business are not exempt from the hotel occupancy tax provided for in chapters 156, 351 and 352 of the Tax Code.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by William Walker Assistant Attorney General
[1] We do not mean here to reconsider Attorney General Opinion WW-738. But see Attorney General Opinion H-380 (1974) (Motor Vehicle Retail Sales and Use Tax not applicable to federal employee renting vehicle on official business).