Edward W. GUINN, M. D., Appellant,

v.

The STATE of Texas et al., Appellees.

No. 12515.

Court of Civil Appeals of Texas, Austin.

May 18, 1977.

Rehearing Denied June 8, 1977.

M. Clifton Maxwell, Fort Worth, for appellant.

John L. Hill, Atty. Gen., Michael E. Stork, Asst. Atty. Gen., Austin, for appellees.

O'QUINN, Justice.

The State of Texas through the attorney general, and in behalf of the Texas Employment Commission, brought this action in March of 1971 against Edward W. Guinn, M. D., of Tarrant County, to collect employer taxes, or contributions, with penalties, claimed owing by Guinn for the first three quarters of 1970, in the amount of $301.24.

Through a series of amendments to the original petition, the State included prior and succeeding years and additional taxes until by its Sixth Amended Petition, filed in December of 1975, taxes and penalties sued for amounted to $4,647.06. The parties went to trial on the State's Sixth Amended Petition and defendant's Third Amended Answer, also filed in December of 1975.

Trial was before district court of Travis County without a jury, resulting in judgment, entered in June of 1976, awarding the State taxes and penalties, covering the years 1968 through 1975, in the sum of $4,221.54.

Guinn has appealed and brings eight points of error, based on evidentiary contentions, procedural challenges, and attacks on the statutes as in contravention of the Constitution of Texas. We will overrule all points of error and affirm judgment of the trial court.

As an evidentiary contention, Appellant Guinn urges that he is not an employer as designated in Article 5221b–17(1), Vernon's Anno.Civ.Sts., and found in the amendment of 1967, prior to the last amendment in 1972. Acts 1967, 60th Leg., p. 697, ch. 287, sec. 8, eff. Oct. 1, 1967.

The definition of employer, as stated in the 1972 amendment, provides in Article 5221b–17(f)(1):

"(f) 'Employer' means:

(1) Any employing unit, other than one to which paragraph (3) or (6) below is applicable, which during any calendar quarter in the current calendar year or the preceding calendar year paid wages of One Thousand Five Hundred Dollars ($1,500) or more, or on each of some twenty (20) days during the current calendar year or during the preceding calendar year, each day being in a different calendar week, employed at least one (1) individual in employment for some por-

tion of the day . . ." (Acts 1971, 62nd Leg., p. 2743, ch. 892, sec. 10, eff. Jan. 1, 1972).

In 1967 the statute prescribed the following definition of employer:

"(f) 'Employer' means:

(1) Any employing unit which for some portion of each of twenty (20) different days within the current or preceding calendar year, each day being in a different calendar week, whether or not such weeks are or were consecutive, has or had in employment four (4) or more individuals, but not necessarily simultaneously, (irrespective of whether the same individuals are or were employed in each such day) . . .."

Guinn contends the 1967 statutory provision is not applicable to him because he did not employ the requisite number of employees.

Appellant reaches calculation of fewer individuals in his employ by two approaches. The *first* is by argument that one individual, a cleaning woman, was not an employee but an independent contractor. The *second* is that employees of a pharmacy connected with Guinn's clinic should not be attributed to Guinn as an employer and therefore should not be computed in conjunction with appellant's medical clinic employees. Guinn takes the position that joint computation is not proper because ownership of the pharmacy was transferred by him to his wife prior to the contested period of employee computation.

We find neither contention convincing.

■ There is adequate documentary evidence, introduced by the State in the form of reports to the Texas Employment Commission, to support the State's position that Guinn fell within the employer purview of Article 5221b–17(f)(1) in 1967.

■ Appellant's contention that one individual credited to his employ was in fact an independent contractor is without merit. Normally the determinative test of whether a person is an employee or independent contractor is the right of the employer to exercise control over the workman and de-

tails of the work. See *Anchor Casualty Co. v. Hartsfield*, 390 S.W.2d 469 (Tex.1965); *Barnett v. Texas Employment Commission*, 510 S.W.2d 361 (Tex.Civ.App. Austin 1974, writ ref'd n. r. e.).

In this case the individual was a cleaning woman. Appellant withheld social security payments from the woman's weekly paycheck. Appellant testified that he "probably" included her as an employee on documents submitted to the Texas Employment Commission which were signed by him as the reporting employer. In addition, appellant testified that he discharged the cleaning woman when he became displeased with her performance of the duties assigned to her.

■ In his second contention against applicability of the statutory employer designation to him, appellant's position is that his medical clinic and the pharmacy may not be considered as a single employing unit under Article 5221b–17(e). Appellant urges that by business transfer of the pharmacy to his wife's name and ownership, appellant was not owner of the pharmacy at the time employees of the medical clinic and employees of the pharmacy were grouped as employed by a single employing unit.

The relevant language of Article 5221b–17(e) is:

"(e) 'Employing unit' means any individual . . . which has or, subsequent to January 1, 1936, had in its employ one (1) or more individuals performing services for it within this State. All individuals performing services within this State for any employing unit which maintains two (2) or more separate establishments within this State shall be deemed to be employed by a single employing unit for all purposes of this Act."

Appellant testified that ownership of the pharmacy was transferred to his wife in 1966. An assumed name certificate was introduced in evidence by appellant which purported to prove Guinn's intention to transfer ownership of the pharmacy to his wife. The certificate was not signed by appellant's wife, nor was the document no-

tarized and had not been filed for record. Notice of withdrawal was not signed by Guinn, nor was it notarized.

In addition, the record shows that all store licenses, issued by the Comptroller of Public Accounts to the pharmacy from January 1, 1967, through December 31, 1972, designated Guinn as the owner. Two store license applications submitted to the Comptroller of Public Accounts indicated that Edward W. Guinn was owner of the Ramey Avenue Pharmacy and were signed by Guinn as the taxpayer.

Appellant testified that all of the pharmacy's narcotic licenses, and "all of the necessary items for operation," were in his name.

From this evidence, it is logical to conclude that appellant was for tax purposes owner of the pharmacy, and that the combination of employee grouping between the medical clinic and pharmacy was appropriate under the employing unit designation of Article 5221b–17(e).

■ Appellant brings two procedural challenges attacking judgment of the trial court. Under the first appellant's claim is based on failure of the State to prove "notice," a prerequisite to statutory default as outlined in Article 5221b–12(b) (1967).

Appellant raises this defense of noncompliance with statutory notice for the first time on appeal. By failure to plead this affirmative defense in the trial court appellant waived the point and it may not be considered on appeal. *Neeley v. Southwestern Investment Co.*, 430 S.W.2d 465, 469 (Tex.1968), rev'd on other grounds, 452 S.W.2d 705 (Tex.1970).

■ The second procedural challenge urges that claims for delinquent contributions, for each taxation quarter subsequent to the filing of the original petition, are separate and independent causes of action and may not be joined to the original suit.

The State, by amendments to the original petition, sued for delinquent contributions accruing subsequent to the filing of the original petition. This procedure, of amending to plead additional claims "permissible to the suit," is authorized by Rule 62, Texas Rules of Civil Procedure.

The procedure avoids a multiplicity of suits. It is appropriate in this case because, once liability as an employing unit is established, liability is continuing, except as provided for by written application for termination under Article 5221b–6(c) (1972).

Appellant raises three final points of error which attack Article 5221b–5 and Article 5221b–12(c) as unconstitutional.

■ The first point charges that Article 5221b–5(a) is misleading, ambiguous, and confusing, and that it would allow an unconstitutional exercise of executive power.

The thrust of appellant's argument is that the statute authorizes collection of the tax on a calendar year basis only, and also allows the Commission to establish administrative rules which are at variance with the calendar year concept.

Appellant reaches this curious reading of the statute by quoting, with omissions noted, in the following manner:

"(a) Payment: Contributions shall accrue and become payable by each employer for each calendar year . . . with respect to wages for employment paid during such calendar year . . . Such contributions shall become due and be paid by each employer to the Commission . . . in accordance with such rules or regulations as the Commission may prescribe . . ."

The first two omissions from the statute, as quoted by appellant, are omissions of the words "or portion thereof."

By reading the statute in its full context, without the omissions by appellant, it is clear the statute provides more than adequate justification for collection on a quarterly basis, as authorized by administrative rules. We need not dignify the point of error with further comment, except to note that the point is overruled as without merit.

■ Appellant contends that Article 5221b–5 is unconstitutional because in contravention of Article VIII, section 1, of the Constitution of Texas.

Though not specifically commenting on Article VIII, section 1, the Supreme Court in *Friedman v. American Surety Co. of New York*, 137 Tex. 149, 151 S.W.2d 570 (1941), found the Unemployment Compensation Act to be constitutional.

It is the position of appellant that in Texas, in order for a tax to be constitutional, it must be a poll tax, property tax, occupation tax, income tax, or another tax consistent with the principles of taxation provided by the Constitution.

In considering this contention, section 1 of Article VIII must be read with section 17 of the same article:

"The specification of the objects and subjects of taxation shall not deprive the Legislature of the power to require other subjects or objects to be taxed in such manner as may be consistent with *the principles of taxation fixed in this Constitution.*" (Emphasis added)

The identical contention made by appellant was disposed of by this Court in 1975 in *American Transfer and Storage Company v. Bullock*, 525 S.W.2d 918 (Tex.Civ.App. Austin 1975, writ ref'd). In that case the term "the principles of taxation fixed in this Constitution" was treated at length. 525 S.W.2d 920 et seq.

■ It is settled that unless invalidity of a statute is apparent beyond a reasonable doubt, its constitutionality must be upheld by the courts. *State v. City of Austin*, 160 Tex. 348, 331 S.W.2d 737 (1960); *Trapp v. Shell Oil Co.*, 145 Tex. 323, 198 S.W.2d 424 (1946); *McGregor v. Clawson*, 506 S.W.2d 922 (Tex.Civ.App. Waco 1974, no writ).

In *Friedman, supra*, the Supreme Court characterized the contributions in the Unemployment Compensation Act as in the nature of excise taxes, and found the Act to be constitutional.

The Supreme Court in 1962 declared that "General public acceptance of and acquiescence in a certain construction of a constitution extending over a long period of time, particularly when occasions have arisen repeatedly, gives rise to a doctrine that affords to such acceptance a persuasiveness akin to precedent." *Shepherd v. San Jacinto Junior College District*, 363 S.W.2d 742, 752 (Tex.Sup.1962).

We hold that contributions called for by Article 5221b–5 are consistent with the principles of taxation fixed by the Constitution and are not in contravention of Article VIII, section 1.

■ Finally, appellant contends that Article 5221b–12(c) is unconstitutional because the statute constitutes an improper confiscation of capital and denies due process. The questioned statute provides for financial penalties for failure to make timely filing of wage reports as required by law.

Appellant cites no authority in support of this position. We hold that the penalty provisions are neither arbitrary nor excessive. We find appellant's contentions under this point without merit. A similar conclusion was reached in *Raines v. Unemployment Compensation Commission*, 129 N.J.L. 28, 28 A.2d 46 (1942), aff'd 129 N.J.L. 387, 30 A.2d 31 (1943), cert. denied 319 U.S. 757, 87 L.Ed. 1709, 63 S.Ct. 1176 (1943).

All points of error are overruled. Judgment of the trial court is affirmed.