

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 7, 1977

The Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. Building
Austin, Texas 78774

Opinion No. H-1068

Re: Constitutionality of
article 1118x, V.T.C.S.

Dear Mr. Bullock:

You have asked several questions regarding article 1118x, V.T.C.S., which was recently amended by Acts 1977, 65th Legislature, chapter 863, at 2168. The legislation authorizes creation of metropolitan rapid transit authorities and in most respects is identical to Acts 1973, 63rd Legislature, chapter 141, at 302 which was the subject of Attorney General Opinion H-119 (1973).

Your first question is:

Is section 11B of Tex. Rev. Civ. Stat. Ann. art. 1118x which creates a local sales and use tax void pursuant to Tex. Const. art. III § 35 since the title (caption) of H.B. 657 contains no mention of the creation of a tax?

Article 3, section 35 of the Texas Constitution requires that the subject of a bill be expressed in its title. The title of the legislation which forms the basis of your inquiry is:

An Act relating to the creation, administration, and powers of metropolitan rapid transit authorities; amending Sections 1 through 17A of, and adding Sections 6C and 11B to, Chapter 141, Acts of the 63rd Legislature, Regular Session, 1973, as amended (Article 1118x, Vernon's Texas Civil Statutes).

It is well established that article 3, section 35 does not require every detail of a bill to be recited in its caption. It is sufficient if the general object is expressed and the provisions of the bill are related or germane to the

p. 4576

general object expressed in the caption. E.g., Robinson v. Hill, 507 S.W.2d 521 (Tex. 1974); State v. Spartan's Industries, Inc., 447 S.W.2d 407 (Tex. 1969) appeal dismissed 397 U.S. 590 (1970); King v. Carlton Independent School Dist., 295 S.W.2d 408 (Tex. 1956). Here the title gives notice that the bill relates to the powers of a metropolitan rapid transit authority which we believe is more than sufficient under the constitutional test to include powers of taxation.

Another question you pose is:

> Does H.B. 657 violate Tex. Const. art. III § 56?

Article 3, section 56 of the Texas Constitution prohibits the enactment of certain local and special laws.

This question was discussed in great detail in Attorney General Opinion H-119 (1973) where it was determined that the Act involved there was not a local or special law. The present statute is identical to the one considered in Attorney General Opinion H-119 except that the population classification in the 1977 statute is substantially broader than the one in the 1973 Act. Accordingly, we believe Attorney General Opinion H-119 requires a finding that this statute is not a prohibited local or special law.

You also ask:

> Does Section 1 of H.B. 657 violate Tex. Const. art. I § 28, art. II § 1, art. III § 1 since the section reenacts Section 13 of Tex. Rev. Civ. Stat. Ann. art. 1118x which Tex. Att'y Gen. Op. No. H-119 (1973) declared unconstitutional?

The provision you challenge here permits the authority to promulgate rules and regulations and to make violation of those rules and regulations punishable by fine or imprisonment. The language of this provision is identical to that found in section 13 of the statute considered in Attorney General Opinion H-119. The provision was found to be unconstitutional in that opinion, and since the same language appears in the 1977 Act we believe it is invalid here as well. We note, however, that you pose your question in terms of the constitutionality of section 1 of Acts 1977, 65th Legislature, chapter 863, at 2168 (House Bill 657) and suggest that the entire section is invalid. Section 1 contains and incorporates quoted sections 1 through 17A of article 1118x, V.T.C.S. The section includes all of the substantive provisions of the bill, and if it is unconstitutional, the entire bill is invalid. The quoted section 13, which is the portion of the legislation found unconstitutional in Attorney General Opinion H-119, is

only a small part of the statute and does not affect the basic powers and responsibilities of the authority. The Legislature has specifically provided that all statutes are severable and that an unconstitutional portion of a statute will not affect the remainder of the Act. V.T.C.S. art. 11a. Here, it is our opinion the quoted section 13 of section 1 of the Act is invalid, but its invalidity does not affect any of the remainder of the Act or the basic powers or responsibilities of the rapid transit authority.

You ask:

> Does the creation of the local sales and use tax for the purpose of funding metropolitan rapid transit authorities violate Tex. Const. art. VIII § 3 since it is a tax for revenue purposes unlike the emission tax which Tex. Att'y Gen. Op. No. H-119 (1973) found to be regulatory in nature?

Article 8, section 3 of the Texas Constitution provides:

> Taxes shall be levied and collected by general laws and for public purposes only.

The issue presented in Attorney General Opinion H-119 was whether the emissions tax suffered the same constitutional defect under article 8, section 3 of the Texas Constitution as did the "wheel tax" in County of Harris v. Shepperd, 291 S.W.2d 721 (Tex. 1956). The Supreme Court found that tax to be unconstitutional since the Act was a local law and the fee authorized by the statute was a tax rather than a regulatory device. If either the statute had been a general law or the fee had been a regulatory measure, the requirements of article 8, section 3 would have been satisfied. Although either finding would have been sufficient to save the statute, neither finding was possible in County of Harris v. Shepperd. In Attorney General Opinion H-119, however, both findings were made. Since we have determined that article 1118x is a general law, it is irrelevant that the sales and use tax is a revenue rather than a regulatory measure.

We note that the distinction between revenue measures and regulatory measures has been important in the context of constitutional provisions relating to ad valorem taxes, Atkins v. State Highway Dep't, 201 S.W. 226 (Tex. Civ. App. -- Austin 1918, no writ), but since your question involves a sales tax rather than a property tax we need not consider those provisions.

You also ask:

> Does the Legislature have the constitu-
> tional authority to create a metropolitan
> rapid transit authority with taxing power
> since such a creation is not specifically
> constitutionally authorized as are other
> special districts such as hospital dis-
> tricts Tex. Const. art. IX § 9, navigation
> districts Tex. Const. art. XVI § 59, and
> road districts Tex. Const. art. III § 52?

The Supreme Court of Texas has specifically rejected arguments that only those bodies politic authorized in the constitution may be created. Davis v. City of Lubbock, 326 S.W.2d 699 (Tex. 1959); Texas Turnpike Authority v. Shepperd, 279 S.W.2d 302 (Tex. 1955). Unlike the federal constitution, the state constitution is a limitation rather than a grant of power. An act of the Legislature is valid unless a specific provision of the constitution prohibits it. Shepperd v. San Jacinto Junior College Dist., 363 S.W.2d 742 (Tex. 1962). In San Jacinto Junior College District, the Supreme Court said:

> It follows that if there be no limita-
> tion found in the Constitution, the legis-
> lature would be fully empowered to create
> or authorize the creation of . . . districts
> and authorize them to levy an ad valorem
> tax.

Id. at 743. The Court ultimately decided the case on a dif-ferent ground since it found independent constitutional author-ity for the creation of junior college districts with the power to levy an ad valorem tax. However, the arguments presented as potentially limiting the Legislature's power all related to ad valorem taxation and are not relevant here where a sales and use tax is involved. Tex. Const. art. 8, § 17; American Transfer and Storage Co. v. Bullock, 525 S.W.2d 918 (Tex. Civ. App. -- Austin 1975, writ ref'd).

## S U M M A R Y

Article 1118x, V.T.C.S., as amended by
Acts 1977, 65th Legislature, chapter 863,
at 2168 is constitutional with the ex-
ception of section 13 which permits the
rapid transit authority to establish
penalties for violation of its rules and
regulations.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst