**G & W BODY WORKS, INC., Appellant,**

v.

**ESTATE of Elwood ESCHBERGER, Deceased, Appellee.**

No. 5739.

Court of Civil Appeals of Texas, Waco.

Oct. 27, 1977.

Rehearing Denied Nov. 30, 1977.

Andy J. McMullen, McMullen, Connally, Robertson & Jordan, Inc., Hamilton, for appellant.

James E. Crouch, Hamilton, for appellee.

HALL, Justice.

This is a suit upon a foreign judgment which was rendered in favor of plaintiff G & W Body Works against Elwood Eschberger, a Texas resident, by the District Court of Bryan County, Oklahoma, when Eschberger failed to answer or appear in G & W's suit against him on a sworn account for materials and services. The judgment was dated July 17, 1973, and awarded G & W a recovery of $4,075.30 with interest thereon at the rate of ten per cent per annum from September 27, 1972, and attorney's fee in the amount of $407.50 with interest thereon at ten per cent per annum from date of judgment. Thereafter, Eschberger died. G & W then brought this suit on the judgment against the "Estate of Elwood Eschberger, Deceased," in the District Court of Hamilton County, Texas. The suit was answered and defended by La Ree Christin Eschberger, Administratrix of the Estate of Elwood J. Eschberger, Deceased. After a trial without a jury, judgment was ren-

dered on December 22, 1976, that plaintiff take nothing. Plaintiff appeals. We reverse and render:

The Oklahoma judgment appears to be a valid, final and subsisting judgment rendered by a court of general jurisdiction. Its introduction into evidence made a prima facie case for plaintiff, and cast upon defendant the burden of establishing that the Oklahoma court lacked jurisdiction or that the judgment was otherwise void. *Mitchim v. Mitchim,* (Tex.Sup.1975) 518 S.W.2d 362, 364.

The trial court made and filed findings of fact and conclusions of law to the effect (1) that plaintiff's petition in the Oklahoma suit did not state a cause of action against Eschberger, and (2) that the foreign court's assumption of jurisdiction violated the requirements of federal constitutional due process because of want of sufficient contacts by Eschberger in the State of Oklahoma. By appropriate points of error, these findings and conclusions are challenged by plaintiff.

Plaintiff's petition in the Oklahoma court was as follows:

IN THE DISTRICT COURT
IN AND FOR
BRYAN COUNTY,
STATE OF OKLAHOMA

G & W BODY WORKS, INC. an
Oklahoma Corporation

PLAINTIFF

-VS-

ELWOOD ESCHBERGER and
HAMILTON PICKUP TRAILERS
COMPANY, a corporation

DEFENDANTS

PETITION

Comes now the Plaintiff and for cause of action against the Defendants does allege and state as follows:

1. That the Defendant Hamilton Pickup Trailers Company does business at 113 East Leslie Street, Hamilton, Texas, 75431 and that the defendant, Elwood Eschberger, is an official of said Company and may be served with summons at the same address.

2. That in September, 1972, the Defendant, Elwood Eschberger, did request the Plaintiff to install two aluminum van bodies upon trailer chassis for the Defendant Hamilton Pickup Trailers Company at a cost of $4,075.30, as evidenced by an Invoice No. 9153, dated September 27, 1972, attached hereto as exhibit A. That said services were furnished in Durant, Ok. with the expectation that they would be paid for in cash. That demand for payment has been made and there is due and owing of $4,075.30 with interest from September 27, 1972. That by Western Union Telegram the said Hamilton Pickup Trailers Company did notify the Plaintiff that it did guarantee the payment of Invoice No. 9153 in the amount of $4,075.30, plus interest at 10% from September 27, 1972, said payment to be made by January 27, 1973. That to date, no payment has been made, although subsequent demands for payment have been made.

3. That there is due and owing without offset or setoff in the amount of $4,075.30, plus interest at 10% until paid from September 27, 1972, plus a reasonable attorney's fee. That a reasonable attorney's fee is $407.50.

WHEREFORE, premises considered, Plaintiff does pray judgment against the Defendants, and each of them, in the amount of $4,075.30, plus interest at the rate of 10% per annum from September 27, 1972, plus an attorney's fee in the amount of $407.50, plus its costs herein expended.

The petition was signed by plaintiff's attorney and sworn to by its president.

The invoice attached to the petition contains plaintiff's letterhead, and states:

"Sold to: Mr. Eschberger
c/o Hamilton Pickup Trailers
Company
Highway 281, South
Hamilton, Texas

"Description: Installed Aluminum Van Bodies on Trailer Chassis for A.B.S. Inc.; Price $2,037.65 ea.; Amount: $4,075.30.

"Hamilton Pickup Trailers Company to pay FET"

We agree with plaintiff that viewed from its four corners the petition stated a cause of action against Eschberger and gave him fair notice that he was being sued individually on plaintiff's account. Defendant contends the petition showed only that Eschberger was an official of Hamilton Pickup Trailers Company, that the work was done

for Hamilton Pickup Trailers Company, and that Hamilton Pickup Trailers Company was to pay for the work. Although the petition recited that Eschberger was an official of the Company and that the Company guaranteed payment of the account, it and the attached exhibit also showed that Eschberger solicited the work, that he was billed individually for the work, that he was named individually as a defendant, and that plaintiff prayed for recovery against him as an individual defendant. In our view, the recitation that the Company guaranteed payment of the account supports a pleading of individual liability by Eschberger. Defendant's contentions are overruled.

In *O'Brien v. Lanpar Company,* 399 S.W.2d 340, 342, (Tex.Sup.1966) our Supreme Court set forth three basic elements which must be met before jurisdiction over a nonresident will satisfy federal constitutional due process:

(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the foreign state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

At all pertinent times Eschberger's residence and place of business were in the City of Hamilton, Hamilton County, Texas. The process issued in the Oklahoma suit was served on him in Hamilton County, Texas, in compliance with Oklahoma's so-called "long-arm" statute. Eschberger was a certified public accountant. He was also general manager of Hamilton Pickup Trailers Company, a corporation located in the City of Hamilton, and owned stock in that company. Plaintiff's business is located in the City of Durant, Bryan County, Oklahoma. On the occasion in question, Eschberger, in Hamilton, Texas, called plaintiff's president, who was in Durant, Oklahoma, and requested that plaintiff install aluminum van-type bodies on two trailers manufactured by Hamilton Pickup Trailers Company which would be delivered to plaintiff's place of business. The trailers were delivered to plaintiff by an employee of Hamilton Pickup Trailers Company, and the work was done. Thereafter, the finished trailers were picked up at plaintiff's place of business by the American Breeders Association.

Eschberger was never in the State of Oklahoma, and his only contacts with plaintiff on the transaction in question were by telephone. Plaintiff's president testified that he knew there was a connection between Eschberger and the Trailer Company, but he did not know what it was; that when Eschberger called he "didn't give any thought" to who owned the trailers because Eschberger said "he wanted to buy two of those bodies like we've put on some trailers before, and I didn't question it"; and that he didn't assume it was just "a deal between the Trailer Company and American Breeders" because Eschberger "told me who he was and said he wanted to buy some—the bodies to go on the trailer like this, that he had some trailers sold to American Breeders Association." Additionally, he testified that "Mr. Eschberger's customer picked up [the finished trailers] at our location in Durant, Oklahoma." The trial court expressly found that "Elwood Eschberger's customer picked up Plaintiff's finished work products which were the basis for Plaintiff's cause of action in the District Court of Bryan County, Oklahoma, at Plaintiff's place of business in Durant, Bryan County, Oklahoma." This finding has not been challenged.

Defendant argues that the record shows that "all actions had by [Eschberger] with respect to the transaction made the basis of the suit were as an officer of [the Trailer Company]." There is no direct evidence of

this fact. In the light of the testimony that Eschberger told plaintiff's president that "he wanted to buy" the trailer bodies and that the finished trailers were delivered to "Eschberger's customer," and the court's unchallenged finding that the trailers were delivered to "Eschberger's customer," the contention must be overruled.

The record shows without question that the Oklahoma suit arose directly from a transaction between Eschberger and plaintiff which was solicited and finalized in the forum state. Although Eschberger's direct contacts with plaintiff were only by telephone, he solicited plaintiff's services to be performed in Oklahoma, caused the trailers to be delivered to plaintiff's place of business in Oklahoma, and his customer picked up the finished trailers there. Evidence which we have not set forth shows that the aluminum bodies installed on the trailers were specially fabricated by plaintiff, and that the trailers are being used by the American Breeders Association (Eschberger's customer) in Oklahoma. Under these facts, considering the criteria set forth in O'Brien v. Lanpar Company, supra, it cannot be said that the exercise of jurisdiction by the Oklahoma court offended traditional notions of fair play and substantial justice.

The judgment of the trial court is reversed. Judgment is rendered that plaintiff G & W Body Works recover from defendant La Ree Christin Eschberger, Administratrix of the Estate of Elwood J. Eschberger, Deceased, $4,075.30 with interest thereon at the rate of ten per cent per annum from September 27, 1972, until paid; and $407.50 attorney's fee with interest thereon at the rate of ten per cent per annum from July 17, 1973, until paid.

All costs of trial and appeal are assessed against defendant-appellee.

### ON MOTION FOR REHEARING

Defendant's renewed contention that the petition in the Oklahoma suit did not state a cause of action against Eschberger is overruled.

The trial court expressly found that all contacts between Eschberger and plaintiff "were had by the said Eschberger acting as an officer and employee of Hamilton Pickup Trailer Company, Inc." On original submission we held there is no evidence to support this fact. Defendant questions this holding. We now agree with defendant that the record contains evidence (which we need not detail) supporting this finding, and overrule plaintiff's contrary contention. Nevertheless, we also agree with plaintiff that the evidence is factually insufficient to support the finding. For these reasons we grant defendant's motion for rehearing, set aside our former judgment, reverse the judgment of the trial court, and remand the case for another trial.

Reversed and remanded.