FAIRMONT DALLAS RESTAURANTS, INC., Appellant,

v.

Sherman McBEATH, Administrator of Texas Alcoholic Beverage Commission, et al., Appellees.

No. 6286.

Court of Civil Appeals of Texas, Waco.

June 25, 1981.

Claude R. Wilson, Jr., George Garrison Potts, Golden, Potts, Boeckman & Wilson, Dallas, for appellant.

Mark White, Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., Myra A. McDaniel, Gilbert J. Bernal, Jr., Asst. Attys. Gen., Austin, for appellees.

OPINION

JAMES, Justice.

This is a suit to recover Mixed Beverage Taxes paid by Fairmont Dallas Restaurants, Inc., Plaintiff-Appellant, under protest to Sherman McBeath, Administrator of Texas Alcoholic Beverage Commission, Defendant-Appellee. Also joined as Defendant-Appellees are Warren Harding, Treasurer of the State of Texas, and Mark White, Attorney General, Successor in Office to John L. Hill, Attorney General of the State of Texas, sued in their official capacities. Plaintiff-

**932**

Appellant filed suit alleging such taxes to be in violation of Article 8, Sections 1 and 2 of the Texas Constitution and the Equal Protection clause of the Fourteenth Amendment to the United States Constitution. After trial before the court without a jury, judgment was rendered that Plaintiff take nothing.

Plaintiff-Appellant Fairmont Dallas Restaurants, Inc., a mixed beverage permittee, paid under protest an alleged sum of $155,-666.47 in gross receipts taxes levied under Section 202.02 of the Alcoholic Beverage Code during the period from July, 1978 through February, 1979. Plaintiff-Appellant, a subsidiary of the Fairmont Hotel, is primarily engaged in the restaurant business. Having paid such taxes under protest, Plaintiff-Appellant Fairmont Dallas Restaurants, Inc. brought suit for the recovery of such taxes paid. The trial court rendered judgment that Plaintiff-Appellant take nothing by its suit. We affirm.

Plaintiff-Appellant Fairmont is before this court on nine points of error which may be summarized as one basic contention, to wit: The trial court erred in failing to hold that Chapter 202 of the Alcoholic Beverage Code violates Article 8, Sections 1 and 2 of the Texas Constitution, and the Equal Protection clause of the Fourteenth Amendment to the United States Constitution in that it places a tax of ten (10) percent of the gross sales price of mixed drinks sold any place except on airlines. Appellant further contends that airlines are engaged in the same business as any other sellers of mixed drinks, the only difference being the place of sale, but pay only a nickel per drink regardless of the sale price, and that such difference in taxation is unconstitutional. We overrule all of the Appellant's points and contentions and affirm the trial court's judgment.

Section 202.02, Alcoholic Beverage Code, Vernon's Texas Civil Statutes, states that "a tax at the rate of 10 percent is imposed on the gross receipts of a (mixed beverage) permittee from the sale, preparation, or service of mixed beverages or from the sale, preparation, or service of ice or nonalcoholic beverages that are sold, prepared, or served for the purpose of being mixed with alcoholic beverages and consumed on the premises of the permittee." Section 34.04, Alcoholic Beverage Code, Vernon's Texas Civil Statutes, provides under the heading "Taxes" that "an airline beverage service fee of five cents is imposed on each individual serving of an alcoholic beverage served by the (airline beverage) permittee inside the state. The fee accrues at the time the container containing an alcoholic beverage is delivered to the passenger." Plaintiff-Appellant Fairmont Dallas Restaurants, Inc., paid under protest an alleged sum of $155,666.47 in gross receipts taxes under Section 202.02. Fairmont's witness testified that if they had been required to pay only five cents per drink as the airlines are required to do, they would have been required to pay only approximately $45,000.

Plaintiff-Appellant contends that the sale of mixed drinks is a class and occupation unto itself and that by enacting Sections 202.02 and 34.04 of the Alcoholic Beverage Code, the Legislature attempted to tax members of the same class differently based solely upon the place where the mixed drinks are sold. Plaintiff-Appellant Fairmont further contends that this treatment is a denial of equal and uniform taxation as is guaranteed under the Texas Constitution and of equal protection of the laws as guaranteed by the United States Constitution.

Defendant-Appellees take the position that the separate classification of airlines and mixed beverage permittees has a reasonable basis in the nature of the businesses, such businesses being so different as to justify their separate classification and treatment, and therefore these statutes are constitutional. We agree with Defendant-Appellees' analysis and overrule Appellant's points.

Article VIII, Section 1 of the Texas Constitution requires that "Taxation shall be equal and uniform," while Section 2 of such Article provides: "All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax; ..." The Fourteenth Amendment to the United States

Constitution states that "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."

■ The rule is that every possible presumption is in favor of the constitutionality of a statute, and such presumption obtains until the contrary is shown beyond a reasonable doubt. *State v. Hogg* (Com.App. 1934) 123 Tex. 568, 72 S.W.2d 593, opinion adopted. Also see *Commissioners Court of Lubbock County v. Martin* (Amarillo Civ. App.1971) 471 S.W.2d 100, NRE.

Our Supreme Court in *Texas Co. v. Stephens* (1907) 100 Tex. 628, 103 S.W. 481, when addressing the question of constitutionality of occupation taxes asserted to be violative of Article 8, Sections 1 and 2 of the Constitution of Texas, and of the 14th Amendment to the Federal Constitution, had this to say:

"The very language of the Constitution of the state implies power in the Legislature to classify the subjects of occupation taxes and only requires that the tax shall be equal and uniform upon the same class. Persons who, in the most general sense, may be regarded as pursuing the same occupation, as, for instance, merchants, may thus be divided into classes, and the classes may be taxed in different amounts and according to different standards. Merchants may be divided into wholesalers and retailers, and, if there be reasonable grounds, these may be further divided according to the particular classes of business in which they may engage. The considerations upon which such classifications shall be based are primarily within the discretion of the Legislature. The courts, under the provisions relied on, can only interfere when it is made clearly to appear that an attempted classification has no reasonable basis in the nature of the businesses classified, and that the law operates unequally upon subjects between which there is no real difference to justify the separate treatment of them undertaken by the Legislature. This is the rule in applying both the State and Federal Constitutions, and it has been so often stated as to render unnecessary further discussion of it."

■ Mere differences in the methods of conducting businesses have long been recognized as sufficient to support the classification of merchants for the purpose of levying occupation taxes. The mere fact that discrimination is made proves nothing against a classification which is not on its face an arbitrary, unreasonable or unreal one. The difference between the subjects taxed need not be great, and if any reasonable distinction can be found, the duty of the court is to sustain the classification embodied in the law. *Hurt v. Cooper* (Tex. 1937) 130 Tex. 433, 110 S.W. 896. See *Horton v. Cook* (Austin Civ.App.1976) 538 S.W.2d 221, NRE, wherein the foregoing rules were applied in the holding that imposition of a 10% tax on gross receipts of permittees from the sale of mixed alcoholic beverages while wine and beer retail permittees pay no gross receipts tax, does not violate the "equal and uniform" requirements of the Constitution, since the classification is justified on distinctions between the two classes of businesses, both of which dispense alcoholic drinks. Similarly, in *Calvert v. American International Television, Inc.* (Austin Civ.App.1973) 491 S.W.2d 455, no writ, television stations and theaters were handling the same product, to wit, motion picture films, yet the operations of the two businesses were held to be sufficiently different to justify separate classification. In *American Transfer and Storage Co. v. Bullock* (Austin Civ.App.1975) 525 S.W.2d 918, writ refused, the subject of taxation was packing and packaging materials, wherein the difference in the two types of operations lay in part in the time and method of recouping the cost of such materials, used in sales or rendering of services.

In *Dancetown, U.S.A., Inc. v. State* (Tex. 1969) 439 S.W.2d 333, the Supreme Court of Texas in upholding the constitutionality of different rates of taxation being placed on classifications of amusement businesses said: "The statute does operate unequally upon the several classes, but the power of the Legislature to classify for purposes of taxation is quite broad. Differences in the commodities sold or services rendered are

generally regarded as a proper basis for classification in the absence of any showing to the contrary." Also see *Bullock v. ABC Interstate Theaters, Inc.* (Austin Civ.App. 1977) 557 S.W.2d 337, NRE, certiorari denied by U.S.Sup.Ct., 439 U.S. 894, 99 S.Ct. 253, 58 L.Ed.2d 240 (television stations as against motion picture theaters); and *Bullock v. Texas Skating Assn.* (Austin Civ.App. 1979) 583 S.W.2d 888, NRE, (roller skating rinks versus ballrooms, and roller skating rinks versus roller derby contests), in both of which two last-named cases the constitutionality of the classifications in question was upheld.

Bearing in mind the rules and holdings enunciated in the foregoing decisions, we now consider the two classifications involved in the case at bar, to wit, restaurants as opposed to airlines. Appellant strongly urges that "the sale of mixed drinks is a class and occupation unto itself. Members of the same class—persons who sell mixed drinks—are being taxed differently based solely upon the place where the mixed drinks are sold. This arbitrary, unreasonable, and capricious treatment of Plaintiff (Fairmont) is a denial of equal and uniform taxation as is guaranteed under the Texas Constitution and of equal protection of the laws as guaranteed by the United States Constitution." We do not agree with this argument.

Although both Fairmont and an airline beverage permittee are engaged in the same activity of serving mixed alcoholic beverages, with a difference between such permittees being where such beverages are sold, we do not agree that Fairmont is engaged in exactly the same business of selling mixed beverages as the airlines, and that the only difference is in the place of sale. Plaintiff-Appellant Fairmont is engaged in the principal business of operating restaurants, wherein the sale of alcoholic beverages at these restaurants is merely incidental to the serving of food by the restaurants; that is to say, the service of alcoholic beverages is not the main occupation of such restaurants or the hotel in which they are housed.

On the other hand, concerning Braniff Airlines, an example of the airline industry used by the Defendant-Appellees, the evidence shows that the principal business or occupation of an airline is the transportation of passengers, and the serving of alcoholic beverages on a flight is merely incidental and not essential to the purpose of air travel. In other words, Braniff and Fairmont are not engaged in pursuing the same occupation; one is an airline and the other is in the restaurant business. In analyzing tax classification cases as exemplified by the authorities cited hereinabove, the focus is not on the product, but upon the respective occupations pursued by those dealing in such product. The question is not, "Are the products the same?," but, "are the businesses involved so diverse in their respective occupations so as to permit a difference in their taxation with regard to the similar product at issue?"

Airlines and restaurants are not engaged in the same occupations; moreover, in our opinion there are very real differences between these two occupations so as to preserve the constitutionality of the statutes in question. The clientele of an airline and a restaurant are not differentiated according to their tastes in liquor, but according to a need for a distinct service desired at a particular time. The airline passenger desires transportation to another locale; the restaurant patron desires a meal. The service of mixed drinks to each of these customers is merely incidental when these customers are being provided the essentials respectively of transportation and a meal. The public does not see an airliner as a choice for a public place to drink in competition to a restaurant. Testimony showed that Braniff, as an example of airlines, serves only premixed drinks, that only white wine and red wine is served, and no experienced bartenders or bar waitresses are employed for flights. Braniff's flight attendants are not trained to mix drinks but only to identify them. Room and space on an airplane prevents the serving of as great a variety of drinks as in a restaurant or club. In addition thereto, the evidence showed that over one-half of the drinks

served by Braniff were complimentary, that Braniff did not plan to do more than "break even" financially insofar as its sale of mixed drinks was concerned. To the contrary, Fairmont serves all kinds of mixed drinks, employs skilled bartenders who are experienced in mixing any kind of drink that might be requested by a customer, and has a wine cellar stocked with over 300 varieties of wine. Moreover, Fairmont pursues the sale of mixed drinks to make a profit therefrom, as opposed to giving away complimentary drinks to its customers. Thus, as to factors of employment, training of employees, capacity to serve a wide variety of drinks, capacity of the liquor supply, and profit-making goals, it can be readily seen that with regard to their similar activity of serving mixed drinks, the airline and the restaurant employ very different methods in conducting this activity, which differences in methods bear out the real differences in their main occupations of being an airline and a restaurant respectively.

As we understand the authorities hereinabove cited, the courts look to the main or principal occupation (as opposed to an incidental activity) being pursued by businesses when engaged in the activity at issue in deciding whether they can or cannot be separately classified for tax purposes. In the case at bar, the fact that these businesses in question, to wit, the airline as opposed to the restaurant, are different, is the reasonable basis behind the separate classification of the airline industry as opposed to the mixed beverage permittee (here, the restaurant) for tax purposes.

Here the burden is upon Plaintiff-Appellant Fairmont to show that there is no reasonable basis in the nature of the businesses classified, and that the law operates unequally upon subjects between which there is no real difference to justify the separate treatment of them undertaken by the Legislature. We hold that under this record Fairmont has failed in discharging this burden, and therefore affirm the judgment of the trial court.

AFFIRMED.